UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CORPO SANO, LLC, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | | CIVIL ACTION NO. 7:17-cv-175 |
| § | | |
| COVINGTON SPECIALTY INSURANCE § | | |
| COMPANY and JOHN JULIAN "JAY" § | | |
| ADAME, § | | |
| § | | |
| Defendants. § | | |

**DEFENDANT COVINGTON SPECIALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Defendant Covington Specialty Insurance Company ("Covington") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states as follow:

**I.
INTRODUCTION**

1.  Plaintiff Corpo Sano, LLC ("Plaintiff") commenced this lawsuit on January 26, 2017, by filing Plaintiff's Original Petition ("Petition") in the 93rd Judicial District Court of Hidalgo County, Texas.

2.  Plaintiff's Petition names Covington and John Julian "Jay" Adame ("Adame") as Defendants.

3.  Covington was served with Plaintiff's Petition on April 5, 2017.[1] Covington therefore files this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

---

[1] Upon information and belief, Adame has not yet been served.

4.       Adame need not consent to removal as Covington contends Adame was improperly joined.[2]

## II.
## BASIS FOR REMOVAL

5.       Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

6.       Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.   Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Covington.**

7.       Plaintiff is allegedly a Texas limited liability company and a citizen of Texas for purposes of diversity of citizenship.[3]

8.       Covington is a New Hampshire corporation with its principal place of business in Georgia. Thus, Covington is a citizen of New Hampshire and Georgia for purposes of diversity of citizenship.

9.       Adame is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. Adame's citizenship should therefore be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff and Covington (now and on the date Plaintiff filed this lawsuit).

10.       Improper joinder exists when there is (1) actual fraud in the pleading of

---

[2]   *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[3]   Covington reserves the right to assert that Plaintiff lacks capacity to sue, as it does not appear to be an active entity in the State of Texas.

jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant.[4] This second condition is met when there is no reasonable possibility that the plaintiff might recover against the improperly-joined in-state defendant.[5] A "reasonable possibility" is more than a mere hypothetical possibility that an action against the non-diverse defendant *could* exist.[6] When a defendant is improperly joined, that defendant's citizenship must be disregarded for purposes of diversity jurisdiction.[7]

11. In conducting an improper joinder analysis, a district court conducts a "Rule 12(b)(6)-type analysis."[8] As explained by the Fifth Circuit, this requires a district court to apply the <u>Federal</u> pleading standard to the allegations in the plaintiff's petition at the time of removal.[9] This means that a plaintiff's factual allegations must "raise a right to relief above the speculative level."[10]

12. In this lawsuit, Plaintiff has asserted claims against Adame, an in-state insurance adjuster. Plaintiff's causes of action against Adame include a laundry list of violations under the Texas Insurance Code and DTPA, as well as conspiracy, negligence/gross negligence, and negligent misrepresentation. But under the standard set forth above, there is no reasonable basis

---

[4] *See Smallwood v. Ill. Cen. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[5] *See id.*

[6] *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

[7] *Sam v. Wells Fargo Bank, N.A.,* 2016 WL 3002359, at *4 (S.D. Tex. May 20, 2016), *report and recommendation adopted*, 2016 WL 3566239.

[8] *Id.*

[9] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016); *Richard v. Geovera Specialty Ins. Co.,* 2016 WL 6525438, at *3 (S.D. Tex. Nov. 3, 2016) ("The Fifth Circuit recently held that federal courts' determinations regarding improper joinder should be made on the basis of federal pleading standards, rather than state standards.").

[10] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

for predicting that Plaintiff might establish liability against Adame.

13. Plaintiff's claims against Adame merely track statutory language and regurgitate the elements of Plaintiff's various causes of action.[11] This is not sufficient to comply with the Federal pleading standard.[12] Similarly, Plaintiff's "factual allegations" against Adame are nothing short of conclusory legal allegations, and lack the specificity necessary to state a claim.[13] Instead of pleading facts with any specificity, Plaintiff makes broad accusations such as "Adame improperly adjusted Plaintiff's claim," and "Adame misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's property." These legal conclusions, couched as facts, demonstrate that Adame was joined as a defendant solely to defeat diversity jurisdiction.

14. Moreover, Plaintiff's Petition regularly combines the actions of Covington and Adame together, thereby failing to delineate which actor purportedly committed the alleged wrongdoing. This does not satisfy the Federal pleading standard to demonstrate an independent action against Adame.[14]

15. Since Adame was improperly joined as a defendant in this lawsuit, his citizenship should be disregarded for purposes of diversity jurisdiction. Removal is therefore proper because complete diversity of citizenship exists between Plaintiff and Covington.

---

[11]  *See, e.g.,* Plaintiff's Petition at pp. 8-11.

[12]  *See Ada Carmona Elizondo v. Great Lakes Insurance SE; fka Great Lakes Reinsurance,* 2017 WL 1318454, at *2 (S.D. Tex. Apr. 10, 2017) (holding that Plaintiff's claims did not comply with federal pleading standards because claims "largely track[ed] the statutory language of each respective provision asserted.").

[13]  *See* Plaintiff's' Petition at pp. 4-7; *see also Young v. Travelers Pers. Sec. Ins. Co.,* 2016 WL 4208566, at *4 (S.D. Tex. Aug. 10, 2016).

[14]  *See Young,* 2016 WL 4208566, at *4.

**B.    Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

16.    If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Covington's burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[15]

17.    Here, Plaintiff's Petition states that Plaintiff seeks to recover monetary relief between $100,000 and $200,000 in this lawsuit.[16] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

## III.
## CONCLUSION

18.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Hidalgo County, Texas promptly after the filing of this Notice.

19.    As required by 28 U.S.C. § 1446(a), and Local Rule 81, a copy of each of the following are attached to (or filed with) this Notice:

    a.    all executed process in the case, attached hereto as ***Exhibit A***;

    b.    Plaintiff's Original Petition, attached hereto as ***Exhibit B***;

    c.    Covington Specialty Insurance Company's Original Answer and Affirmative Defenses to Plaintiff's Original Petition, attached hereto as ***Exhibit C***;

    d.    the docket sheet, attached hereto as ***Exhibit D***;

    e.    an index of matters being filed, attached hereto as ***Exhibit E***;

    f.    a list of all counsel of record, including addresses, telephone numbers and parties represented, attached hereto as ***Exhibit F***.

---

[15]  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[16]  *See* Plaintiff's Petition at p.1, ¶ 2.

---

20. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

WHEREFORE, Defendant Covington Specialty Insurance Company requests that this action be removed from the 93rd Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Tyler J. McGuire
Steven J. Badger
Texas Bar No. 01499050
Sbadger@zelle.com
Lindsey P. Bruning
Texas Bar No. 24064967
Lbruning@zelle.com
Tyler J. McGuire
Texas Bar No. 24098080
Tmcguire@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone: (214) 742-3000
Facsimile: (214) 760-8994

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing has been served this 5th day of May 2017, in accordance with the Federal Rules of Civil Procedure, by electronic filing as follows:

Jessica Taylor
State Bar No. 24013546
jessica@jtaylorlaw.com
Manuel Acuna-Neely
State Bar No. 24091489
manuel@jtaylorlaw.com
**THE LAW OFFICE OF JESSICA TAYLOR**
14100 San Pedro, Suite 602
San Antonio, Texas 78232
(210) 402-4022 – phone
(210) 402-1225 – fax

**ATTORNEYS FOR PLAINTIFF**

                                      */s/ Tyler J. McGuire*___
                                        Tyler J. McGuire