# EXHIBIT "B"

Electronically Filed
1/26/2017 11:14:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-0409-17-B

| | | |
|---|---|---|
| CORPO SANO, LLC, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | _____JUDICIAL DISTRICT |
| | § | |
| COVINGTON SPECIALTY INSURANCE | § | |
| COMPANY AND JOHN JULIAN "JAY" | § | |
| ADAME, | § | |
| | § | |
| Defendants. | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

Plaintiff Corpo Sano, LLC ("Corpo Sano") files this Original Petition and Requests for Disclosure against Defendants Covington Specialty Insurance Company ("Covington") and John Julian "Jay" Adame and alleges as follows:

### A. DISCOVERY-CONTROL PLAN

1.   Plaintiff intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.  Plaintiff affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.

### B. RELIEF

2.   Plaintiff seeks monetary relief over $100,000, but not more than $200,000. Tex. R. Civ. P. 47(c).

1

Electronically Filed
1/26/2017 11:14:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0409-17-B**

## C. PARTIES

3.     Plaintiff, Corpo Sano, LLC, is a limited liability company that is licensed to do business in Texas and has its principal place of business in Hidalgo County, Texas.

4.     Defendant, Covington Specialty Insurance Company, is a foreign surplus lines insurer that is licensed to do the business of insurance in Texas and has its principal place of business in Georgia located at 945 E. Paces Ferry Rd. NE, Suite 1800, Atlanta, GA 30326-1373. It can be served with citation by serving David Mattax, the Commissioner of Insurance, for service of process, by certified mail, return receipt requested, at P.O. Box 149104, Austin, Texas 78714-9104.

5.     Defendant, John Julian "Jay" Adame, is a Texas resident, who may be served with citation by certified mail, return receipt requested at his residence located at 1210 S. Nebraska Ave., Weslaco, Texas 76148.

## D. JURISDICTION

6.     The Court has subject matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## E. VENUE

7.     Venue is mandatory and proper in this district because all or a substantial part of the events or omissions giving rise to the claim occurred in Hidalgo County and the insured property that is the basis of this lawsuit is also located in that county.

## F. CONDITIONS PRECEDENT

8.     All conditions precedent to recovery have been performed, waived, or have occurred.

Electronically Filed
1/26/2017 11:14:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0409-17-B

## G. FACTUAL BACKGROUND

9.     Corpo Sano is a spa located in McAllen, Texas that offers health and beauty treatments to customers.

10.     Corpo Sano purchased a commercial property and general liability policy—policy number VBA26731300—from Covington or its agent that provided property coverage for its place of business located at 616 Lindberg Ave., McAllen, Texas 78501.

11.     Corpo Sano timely paid its premiums and the policy provided coverage for a period starting October 25, 2013 and ending on October 25, 2014.

12.     On or about August 13, 2014, a severe wind and hailstorm struck the McAllen, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's place of business.

13.     In the aftermath of the storm, Plaintiff submitted a claim to Covington under the policy for roof damage and water damage the building sustained as a result of the hail and wind. Plaintiff asked that Covington cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.

14.     Covington assigned claim number 7030095978 to Plaintiff's claim and hired and/or assigned Defendant John Julian "Jay" Adame to adjust the claim.  Adame was the agent for Covington and represented Covington in regard to Plaintiff's claim. Adame also adjusted Plaintiff's claim by investigating, processing, evaluating, approving and/or denying it, in whole or in part. As such, Adame acted as an insurance adjuster engaged in the business of insurance with respect to Plaintiff's insurance claim. Therefore, Adame is a "person" who is individually liable for his unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA.

Electronically Filed
1/26/2017 11:14:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0409-17-B

15.     Adame improperly adjusted Plaintiff's claim. Adame conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages.[1] Adame's estimate did not allow adequate funds to cover repairs to restore Plaintiff's business. Without limitation, Adame misrepresented the cause of, scope of and cost to repair the damage to Plaintiff's property, as well as the amount of and insurance coverage for Plaintiff's claim under Plaintiff's policy. Adame made these and other representations to Plaintiff as well as to Covington. Plaintiff and Covington both relied on Adame's misrepresentations, including but not limited to those regarding the cause of, scope of and cost to repair the damage to Plaintiff's property, and Plaintiff has been damaged as a result of that reliance. Adame's misrepresentations caused Covington to underpay Plaintiff on its insurance claim and, as a result, Plaintiff has not been able to properly and completely repair the damage to its property.  This has caused additional, further damage to the property. Adame also advised Plaintiff as to how they could repair the property so as to prevent further damage to the property.  This advice was negligent and false because Plaintiff could not properly repair the property by following Adame's advice. Plaintiff's property has sustained further damages as a result.

16.     Defendants misrepresented that no damages were caused by the wind and hailstorm. However, Defendants' misrepresentations were false because Plaintiff's damages exceed $41,172.32.

17.     Covington and Adame failed to properly adjust the claim and Defendants have denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for the type of losses suffered by Plaintiff.

18.     These false representations allowed Defendants to gain financially by wrongfully

---

[1] RSUI's Denial Based on Adame's Adjustment Report is attached as Exhibit A.

4

Electronically Filed
1/26/2017 11:14:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0409-17-B

denying at least a portion of Plaintiff's claim.

19.     Plaintiff's claim remains unpaid and Plaintiff has not been able to properly repair the business.

20.     Covington failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy.  Specifically, Covington failed and refused to pay the full proceeds of the policy although a demand was made for proceeds to be paid in an amount sufficient to repair the damaged property and all conditions precedent to recovery upon the policy had been carried out by Plaintiff.   Covington's conduct constitutes a breach of the insurance contract between it and Plaintiff.

21.     Defendants misrepresented to Plaintiff that some of the damage to the business was not covered under the policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(1).

22.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its obligations to Plaintiff under the policy.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code Section 541.060 (a)(2)(A).

23.     Defendants failed to explain to Plaintiff why they offered inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements would be forthcoming to pay for the entire loss covered under the policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  Tex. Ins. Code Section 541.060(a)(3).

Electronically Filed
1/26/2017 11:14:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0409-17-B

24.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection regarding the entire claim in writing from Defendants.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code 541.060(a)(4).

25.     Defendants refused to fully compensate Plaintiff under the terms of the policy even though Defendants failed to conduct reasonable investigations.  Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in biased, unfair and inequitable evaluation of Plaintiff's losses to the business.  Defendants' conduct constitutes a violation of the Texas Insurance Code.  Tex. Ins. Code 541.060(a)(7).

26.     Covington failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Covington 's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

27.     Covington failed to accept or deny Plaintiff's entire claim within the statutorily mandated deadline of receiving all necessary information.  Covington 's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

28.     Covington failed to meet its obligations under the Texas Insurance Code regarding payment of a claim without delay.  Specifically, Covington has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for its claim.  Covington's conduct constitutes a violation of the Texas Insurance Code, Prompt

6

Electronically Filed
1/26/2017 11:14:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0409-17-B

Payment of Claims. Tex. Ins. Code Section 542.056.

29.     From and after the time Plaintiff's claim was presented to Covington, the liability of Covington to pay the full claim in accordance with the terms of the policy was reasonably clear.  However, Covington has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Covington 's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30.     As a result of Covington's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing them in this case.

## H.  CAUSES OF ACTION

### BREACH OF CONTRACT AGAINST COVINGTON

31.     Plaintiff incorporates paragraphs 1-30 as if fully set forth herein.

32.     According to the insurance policy that Plaintiff purchased, Covington has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the policy, resulting from the wind and hailstorm.  As a result of the wind and hailstorm and/or ensuing losses from the storm, both of which are covered perils under the policy, Plaintiff's property has been damaged.

33.     Covington's failure and refusal to pay adequate compensation as it was obligated to do under the terms of the policy and under the laws of the State of Texas, constitutes a breach of Covington 's contract with Plaintiff.  As a result of this breach of contract, Plaintiff has suffered damages as are described in this petition.

Electronically Filed
1/26/2017 11:14:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0409-17-B

## VIOLATION OF THE PROMPT PAYMENT OF CLAIMS ACT
## AGAINST COVINGTON

34.     Plaintiff incorporates paragraphs 1-33 as if fully set forth herein.

35.     Covington's acts, omissions, failures and conduct violate Section 542 of the Texas Insurance Code.  Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Covington did not request from Plaintiff any items, statements or forms that it reasonably believed at that time would be required from Plaintiff for their claim.  As a result, Covington has violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe.  Covington also violated Section 542 by failing to pay Plaintiff's claim.

36.     Covington also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period.  In addition, in the event it is determined Covington owes Plaintiff any additional monies on Plaintiff's claim, then it has automatically violated Section 542 in this case.

## VIOLATIONS OF THE DTPA AGAINST
## COVINGTON AND ADAME

37.     Plaintiff incorporates paragraphs 1-36 as if fully set forth herein.

38.     Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants.

39.     Specifically, Defendants' violations of the DTPA include, without limitations, the following matters:  By their acts, omissions, failures, and conduct, Defendants have violated Sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Defendants' violations include, without limitation, (1) their unreasonable delay in the investigation,

8

Electronically Filed
1/26/2017 11:14:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0409-17-B

adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's property for which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46(b)(2).

40.    Plaintiff is entitled to recover under Section 17.46(b)(5) of the DTPA because Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that they did not have.

41.    Plaintiff is entitled to recover under Section 17.46(b)(7) of the DTPA because Defendants represented that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another.

42.    Plaintiff is entitled to recover under Section 17.46(b)(9) of the DTPA because Defendants advertised their insurance policy and adjusting and investigative services with the intent not to sell them as advertised.

43.    Plaintiff is entitled to recover under Section 17.46(b)(12) of the DTPA because Defendants represented to Plaintiff that their insurance policy and their adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have.

44.    Plaintiff is entitled to recover under Section 17.46(b)(24) of the DTPA because Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction which the Plaintiff would not have entered had the information been disclosed.

Electronically Filed
1/26/2017 11:14:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0409-17-B

45.     Plaintiff is entitled to recover under Section 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA because Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policy.

46.     Plaintiff is entitled to recover under Section 17.50(a)(3) of the DTPA because Defendants' actions are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability and experience to a grossly unfair degree.

47.     Plaintiff is entitled to recover under Section 17.50(a)(4) of the DTPA because Defendants' conduct, acts, omissions, and failures are unfair practices in the business of insurance.

48.     All of the above-described acts, omissions and failures of Defendants are a producing cause of Plaintiff's damages as described in the petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

## VIOLATIONS OF SECTION 541 OF THE TEXAS INSURANCE CODE AGAINST COVINGTON AND ADAME

49.     Plaintiff incorporates paragraphs 1-48 as if fully set forth herein.

50.     Plaintiff has satisfied all conditions precedent to bring this cause of action.

51.     By their acts, omissions, failures and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of section 541 of the Texas Insurance Code. Such violations include, without limitation all the conduct described in this petition, plus Defendants' unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's property for which liability had become reasonably clear. They further include Defendants'

Electronically Filed
1/26/2017 11:14:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0409-17-B

failure to give Plaintiff the benefit of the doubt. Specifically, as described in Plaintiff's factual

allegations, Defendants are guilty of the following unfair insurance practices:

     a.    Engaging in false, misleading and deceptive acts or practices in the business of insurance;

     b.    Engaging in unfair claims settlement practices;

     c.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverages at issue;

     d.    Not attempting in good faith to effectuate a prompt, fair and equitable settlement of claims submitted for which liability became reasonably clear;

     e.    Failing to affirm or deny coverage of Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

     f.    Failing to promptly provide Plaintiff with a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of Plaintiff's claim or the offer of settlement.

52.    Covington also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.

53.    Plaintiff's damages resulted from Defendants' conduct.

54.    Defendants' acts, omissions, and failures were done knowingly as that term is described in the Texas Insurance Code.

## BREACH OF THE DUTY OF GOOD FAITH
## AND FAIR DEALING AGAINST COVINGTON

55.    Plaintiff incorporates paragraphs 1-54 as if fully set forth herein.

Electronically Filed
1/26/2017 11:14:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0409-17-B

56.     By its acts, omissions, failure and conduct, Covington has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for the denial.

57.     Covington also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because it knew or should have known that it was reasonably clear the claim was covered. These acts, omissions, failures and conduct of Covington are a proximate cause of Plaintiff's damages.

## CONSPIRACY AGAINST COVINGTON AND ADAME

58.     Plaintiff incorporates paragraphs 1-57 as if fully set forth herein.

59.     Defendants were members of a combination of two or more persons, the object of which was to accomplish an unlawful purpose and/or a lawful purpose by unlawful means, including but not limited to, violating the DTPA, violating Sections 541 and 542 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breach of contract, and committing breaches of the duty of good faith and fair dealing. The Defendants had a meeting of the minds on the objects or courses of action.  Further, one or more of the Defendants committed unlawful, overt acts, including, but not limited to violating the DTPA, violating sections 541 and 542 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breach of contract, and committing breaches of the duty of good faith and fair dealing to further the objects or courses of action which, among other things, were intended to deprive Plaintiff of the benefit and coverage of the policy that it purchased.  Plaintiff suffered injury as a proximate result of these wrongful acts or omissions.

12

Electronically Filed
1/26/2017 11:14:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0409-17-B

60. The conspiratorial acts committed by Defendants were committed with gross negligence, fraud, or malice, as those terms are defined in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendants.

## NEGLIGENCE AND GROSS NEGLIGENCE AGAINST ADAME

61. Plaintiff incorporates paragraphs 1-60 as if fully set forth herein.

62. Adame was negligent in giving advice to Plaintiff as to how they could repair the property so as to prevent further damage to the property. This advice as to how to repair Plaintiff's property was negligent because Plaintiff could not properly repair the property and prevent further damage by following Adame's advice. Plaintiff's property has sustained further damage as a result. Adame owed a duty to use reasonable care when he undertook to advise the Plaintiff as to how they could repair the property so as to prevent further damage to the property. Adame breached this legal duty. The breach proximately caused Plaintiff's damages.

63. The acts and failures to act were committed with gross negligence, as the term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code, which justifies the imposition of exemplary damages against Adame.

## NEGLIGENT MISREPRESENTATION AGAINST ADAME

64. Plaintiff incorporates paragraphs 1-63 as if fully set forth herein.

65. Adame made representations to Plaintiff in the course of Plaintiff's business or in a transaction in which they had an interest. Adame supplied false information for the guidance of others, including Plaintiff. Adame did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiff. Plaintiff justifiably relied on

13

Electronically Filed
1/26/2017 11:14:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0409-17-B

Adame's representations and Adame's representations proximately caused further damages to Plaintiff's property.

66.     The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, so as to justify the imposition of punitive damages against Adame.

## I. WAIVER AND ESTOPPEL

67.     Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## J. DAMAGES

68.     The above-described acts, omissions, failures and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Covington 's breaches of contract. Plaintiff is also entitled to recover the amount of each of Plaintiff's individual claim plus an 18% per annum penalty on the claim against Covington as damages under Section 542 of the Texas Insurance Code, plus pre-judgment interest and attorney's fees.

## K. ADDITIONAL DAMAGES

69.     Defendants also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional

Electronically Filed
1/26/2017 11:14:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0409-17-B**

damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to additional damages authorized by Section 541 of the Texas Insurance Code.

## L. EXEMPLARY DAMAGES

70.     Covington's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. In addition, Adame's conduct constituted gross negligence. These violations by Defendants are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## M. ATTORNEY'S FEES

71.     As a result of Defendants' conduct, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorney's fees. Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## N. JURY DEMAND

72.     Plaintiff asserts their right to a trial by jury, under Texas Constitution Article I, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $30.00 as required by Texas Government Code Section 51.604.

Electronically Filed
1/26/2017 11:14:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0409-17-B

## O.   REQUESTS FOR DISCLOSURE

73.   Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## P. PRAYER

Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, that Plaintiff have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, exemplary damages as may be found.   In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show itself to be justly entitled.

Respectfully Submitted,

**THE LAW OFFICE OF JESSICA TAYLOR**
14100 San Pedro, Suite 602
San Antonio, Texas 78232
(210) 402-4022 (Telephone)
(210) 402-1225 (Fax)


By: ___/s/   *Manuel Acuna-Neely*_____
      JESSICA TAYLOR
      Texas State Bar No. 24013546
      jessica@jtaylorlaw.com
      MANUEL ACUÑA-NEELY
      Texas State Bar No. 24091489
      manuel@jtaylorlaw.com


**ATTORNEYS FOR PLAINTIFF**

16



RSUI Group, Inc.
Leland Quon
Suite 1800
945 East Paces Ferry Road
Atlanta, GA 30326-1125

Phone  404-504-3754
Fax    404-231-3155
Email: LQuon@rsui.com

February 17, 2016

Corpo Sano, LLC
Attn: Fatima Barajas
616 Lindberg Ave.
McAllen, TX 78501

*Via Electronic Mail: barajasfatima391@yahoo.com*

RE:  Insured:          Corpo Sano, LLC
     Insurer:          Covington Specialty Insurance Company ("Covington")
     Policy Number:    VBA267313-00 (effective 10/25/2013 – 10/25/2014)
     Location of Loss: 616 Lindberg Ave.
                       McAllen, TX 78501
     Nature of Loss:   Wind/Hail
     Date of Loss:     August 13, 2014
     Claim Number:     7030095978

Dear Ms. Barajas,

Covington Specialty Insurance Company ("Covington") acknowledges receipt of a notice of loss regarding the subject claim. According to the loss information furnished to us, this claim was reported for windstorm damage to the roof on the date of loss with resulting interior water damage.

Covington, under policy number VBA267313-00 provides coverage to your property noted above, subject to the policy terms and conditions. The effective policy period is from October 25, 2013 through October 25, 2014. Any recoverable loss will be subject to the applicable wind & hail deductible of 3% subject to $2,500.00 minimum and an 80% Coinsurance requirement. The loss will be evaluated on a replacement cost value basis.

Jay Adame, an Independent Adjuster, with VeriClaim, Inc. was assigned to investigate this claim for the reported hail damage.

Mr. Adame's inspection and investigation revealed interior water intrusion as evidenced by water staining to the ceilings of the main hall and two bathrooms. Also, there was hail damage to the roof covering of both the North and East facing slopes, and hail impacts along the ridge caps throughout the roof. Upon inspection of the exterior elevations, there was no indication or evidence of any windstorm related damage to the building or roof. Mr. Adame further noted there was no evidence of any storm created openings to the roof or building that would have allowed water intrusion into the building.

Although Mr. Adame was unable to determine the cause of the roof leaks and interior water damage, it appears it may be the result of wear & tear, age, deterioration, and/or faulty/deferred maintenance. According to his research the most recent hail event at the loss location occurred on October 18, 2012. This is outside of the effective policy period and predates the policy

RSUI Indemnity Company
Landmark American Insurance Company
Covington Specialty Insurance Company

*A member of Alleghany Insurance Holdings LLC*

EXHIBIT
A

C-0409-17-B

inception date of October 25, 2013. Further, a search of the www.wunderground.com website revealed only scattered showers on the reported date of loss with approximately 0.2" of rain fall, average wind speeds of 6 mph, max wind speeds of 32 mph, and wind gusts of up to 45mph. These are relatively low wind speeds and would not be considered capable of causing any building damages.

To reiterate, the independent adjuster's investigation found no indication or evidence of any openings created by a Covered Cause of Loss which caused the interior water damage. Also, according to the CoreLogic Hail Verification report, the most recent hail event at the loss location occurred on 10/18/2012, prior to the policy period and policy inception date. Therefore, I regret to inform you that we will not be able to afford coverage to Corpo Sano, LLC for this claim.

To understand why this claim is not covered, please refer to the insurance policy **Building and Personal Property Coverage form CP 00 10 06 07**:

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, A.1., and limited in A.2., Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

**a. Building,** meaning the building or structure described in the Declarations, including:

(1) Completed additions;

(2) Fixtures, including outdoor fixtures;

(3) Permanently installed:

(a) Machinery and

(b) Equipment;

(4) Personal property owned by you that is used to maintain or service the building or structure or its premises, including:

(a) Fire-extinguishing equipment;

(b) Outdoor furniture;

(c) Floor coverings; and

(d) Appliances used for refrigerating, ventilating, cooking, dishwashing or laundering;

(5) If not covered by other insurance:

(a) Additions under construction, alterations and repairs to the building or structure;

(b) Materials, equipment, supplies and temporary structures, on or within 100 feet of the described premises, used for making additions, alterations or repairs to the building or structure.

**3. Covered Causes Of Loss**

See applicable Causes Of Loss Form as shown in the Declarations.

Please refer to your policy form, **CAUSES OF LOSS - SPECIAL FORM, CP 10 30 06 07**, to understand the covered causes of loss. As you will note from the quoted policy provisions, wear


RSUI  A member of Alleghany Insurance Holdings LLC

C-0409-17-B

and tear, deterioration, and/or faulty maintenance is excluded from coverage. Additionally, water damage to the interior of the building must first sustain a storm created opening in the roof and/or walls for coverage to be afforded.

**B. Exclusions**

    2. We will not pay for loss or damage caused by or resulting from any of the following:

      d. (1) Wear and tear;

        (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

        (4) Settling, cracking, shrinking or expansion;

    3. We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

      a. Weather conditions. But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph 1. above to produce the loss or damage.

      b. Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

      c. Faulty, inadequate or defective:

        (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        (3) Materials used in repair, construction, renovation or remodeling; or

        (4) Maintenance;

      of part or all of any property on or off the described premises.

**C. Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

    1. We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

      c. The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

        (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

        (2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

Additionally, note the following policy condition requires prompt notice of loss. As a result of the late notice, we may have been prejudiced in our investigation of this loss.

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

3. Duties In The Event Of Loss Or Damage

      a. You must see that the following are done in the event of loss or damage to Covered Property:

 A member of Alleghany Insurance Holdings LLC

C-0409-17-B

(1) Notify the police if a law may have been broken.

(2) Give us prompt notice of the loss or damage. Include a description of the property involved.

(3) As soon as possible, give us a description of how, when and where the loss or damage occurred.

(4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

(6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

(8) Cooperate with us in the investigation or settlement of the claim.

b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

Please also refer to your policy form **COMMERCIAL PROPERTY CONDITIONS, CP 00 09 07 88**, which states:

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

**H. POLICY PERIOD, COVERAGE TERRITORY**
Under this Coverage Part:
1. We cover loss or damage commencing:
a. During the policy period shown in the Declarations; and
b. Within the coverage territory.
2. The coverage territory is:
a. The United States of America (including its territories and possessions);
b. Puerto Rico; and
c. Canada.

Based on the above findings, we regret to advise the damage claimed is not a compensable loss under the policy and no payment will be forthcoming.

The enumeration of the specific policy provision is not intended to waive any other defenses which are now or which may hereafter become available to Covington. The foregoing does not constitute a waiver of any term or condition of the policy or of any rights and defenses under the policy and Covington expressly reserves all of our rights and defenses under the policy.

 A member of Alleghany Insurance Holdings LLC

C-0409-17-B

Pg. 5 of 4

If you have any additional information, which may impact our consideration or the decision expressed herein, we request that you forward it to our office. Otherwise, as subject loss is not covered by the policy, we are closing our file at this time.

Sincerely,

Leland Quon
Chief Claims Specialist

Enclosure:  CoreLogic Hail Verification Report

CC:     Homero Garcia Jr., HG Insurance & Surety Co.
        FAX:  956.542.1887

        Brandon Sargent, Bass Underwriters
        Email:  bsargent@bassuw.com

RSUI   A member of Alleghany Insurance Holdings LLC